VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF HENRICO

MUTUAL ASSURANCE SOCIETY A/S/O
RICHARD AND MARY SCHERER,

Plaintiff,

v. Case No.

AMAZON.COM, INC.,

Defendant.

**COMPLAINT**

Plaintiff Mutual Assurance Society, as subrogee of Richard Scherer and Mary Scherer ("Plaintiff"), by counsel, moves this Court for judgment against Amazon.com, Inc., on the grounds and in the amounts as set forth hereinafter.

**THE PARTIES**

1. Plaintiff Mutual Assurance Society of Virginia ("Mutual Assurance") is a corporation duly organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 4001 Fitzhugh Ave, Richmond, Virginia 23230, and at all times relevant hereto, was engaged in the insurance business and was authorized to issue property and casualty insurance policies in the Commonwealth of Virginia.

2. Mutual Assurance's insureds, Richard Scherer and Mary Scherer (together, the "Scherers"), are adult individuals and residents of the Commonwealth of Virginia who, at all times relevant hereto, owned the real and personal property located at 631 Monacan Drive, Richmond, VA 23238 (the "Property").

3. Defendant Amazon.com, Inc., ("Defendant Amazon") is a Delaware corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington

98108, and at all times relevant hereto, was engaged in the business of designing, manufacturing, producing, marketing, labeling, assembling, supplying, distributing, and/or selling consumer battery products and battery chargers for consumer electronics.

## JURISDICTION AND VENUE

4. Jurisdiction in this matter is appropriate in the Circuit Court for the County of Henrico, Commonwealth of Virginia, pursuant to Virginia Code § 8.01-328.1.

5. Venue in this matter is appropriate in the Circuit Court for the County of Henrico, Commonwealth of Virginia, pursuant to Virginia Code §§ 8.01-257 and 8.01-262.

## FACTS

6. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

7. At all times relevant hereto, the Scherers owned and occupied the Property.

8. At all times relevant hereto, Mutual Assurance insured the Property including its structures and contents.

9. At all times relevant hereto, Defendant Amazon was engaged in the designing, manufacturing, producing, marketing, labeling, assembling, supplying, distributing, and/or selling consumer batteries and battery chargers for use in consumer electronics, such as radio-controlled vehicles.

10. On or about January 2, 2022, Mr. Scherer, a consumer, purchased the subject battery, which was advertised as "3S Battery Lipo, 2 Packs 11.1V Battery 5200mAh with Traczas Plug for Tracxas RC Car/Truck, Boat, Drone, Buggy, Truggy, RC Helicopter, UAV, RPV (Short)" (Amazon Order No. 111-1970307-1226656). On or about January 7, 2022, Mr. Scherer purchased the subject battery charger, which was advertised as Lipo Battery Charger

Touch Screen Dual Balance Discharger Duo AC150W DC240W 10A T240 1-6S RC Li-ion Life NiCd NiMH LiHV PB Smart Battery" (Amazon Order No. 113-8226737-6368231). Both were to be used in conjunction with a radio-controlled vehicle.

11. The subject battery and battery charger were marketed, sold, and distributed by Defendant Amazon through an on-line shopping platform owned and operated by Defendant Amazon.

12. The subject battery and battery charger were delivered to the Property several days after each respective purchase.

13. The subject battery and charger were delivered to the Property by a vehicle emblazoned with Defendant Amazon's logo.

14. The subject battery and charger were delivered to the Property in a box emblazoned with Defendant Amazon's logo.

15. At all relevant times, once delivered, Mr. Scherer and his family used the battery and battery charger for their intended purpose. The battery and battery charger were kept without any substantial change in condition in which it was originally sold by Defendant Amazon.

16. On June 19, 2022, Mr. Scherer inserted the subject battery into the subject battery charger on the counter in his garage to charge the battery fully for use later that day.

17. At that time, the battery and the battery charger were the only energized components on the garage counter.

18. Shortly after Mr. Scherer began charging the battery, as a result of the defective and unreasonably dangerous condition of the subject battery and charger, there was a fire that caused significant damage to the Scherers' real and personal property and displaced the Scherers from their residence.

19. Pursuant to the Policy issued by Mutual Assurance to the Scherers, Mutual Assurance has made payments to or for the benefit of the Scherers from the damages resulting from the fire, and accordingly, is subrogated to the rights of the Scherers against Defendant Amazon.

**COUNT I: NEGLIGENCE**

20. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

21. Defendant Amazon owed a duty of ordinary care to Plaintiff in the design, manufacture, labeling, production, distribution, marketing, supply, and sale of the subject battery and battery charge.

22. Defendant Amazon breached these aforementioned duties by designing, manufacturing, distributing, marketing, supplying, labeling, producing, selling, and/or placing the subject battery and battery charger into the stream of commerce in a defective and unsafe condition.

23. On or about the aforementioned date of loss, the subject battery and battery charger failed due to a design and/or manufacturing defect within the units, causing a fire that resulted in real and personal property damages and other damages as previously pled.

24. The subject fire and resulting damages sustained by Plaintiff were caused by the negligence of Defendant Amazon, its agents, servants, and/or employees, acting within the course and scope of their employment and agency, in:

a) designing, manufacturing, labeling, producing, selling, marketing, distributing, supplying, and/or assembling the subject battery and battery charger in a defective and unreasonably dangerous condition that was unsafe for its intended use;

b) failing to properly and adequately design, manufacture, label, assemble, inspect and/or test the subject battery and battery charger to ensure that it would not fail, or that if it did fail it would not fail in a catastrophic manner creating a dangerous and unreasonable risk of fire;

c) failing to properly and adequately design, manufacture, label, and/or assemble the subject battery and battery charger in conformity with industry standards;

d) failing to adequately warn of the risks of the defect of the subject battery and battery charger; and

e) failing to use due care under the circumstances.

25. As a direct, proximate and foreseeable result of the aforesaid negligence of Defendant Amazon, the subject battery and battery charger catastrophically failed, and Plaintiff sustained damages, including direct physical damage to the Property, damages to personal property, and other expenses associated with the loss.

26. Pursuant to the policy of insurance issued by Mutual Assurance to the Scherers, Mutual Assurance made payments to the Scherers as a result of the fire damage in an amount exceeding $100,000.00.

**COUNT II: BREACH OF IMPLIED DUTY OF MERCHANTABILITY**

27. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

28. Defendant Amazon impliedly warranted, pursuant to Virginia Code § 8.2-314, that the subject battery and battery charger were of good and merchantable quality and were reasonably safe and fit for their ordinary purpose to be used in conjunction with one-another to fully energize and charge the subject battery.

29. Defendant Amazon regularly deals in the manufacture, advertisement, distribution, supply, and/or sale of batteries and battery chargers of the type that failed, and are

merchants with respect to such batteries and battery chargers pursuant to Virginia Code § 8.2-314.

30. The subject battery and battery charger were defective, unreasonably dangerous, unfit for their intended and ordinary purpose, and not merchantable in that they presented an unreasonable risk of fire during normal operation and failed to conform to Defendant Amazon's representations.

31. By furnishing a battery and battery charger that were defective in their design, manufacture, and/or warning, Defendant Amazon breached the implied warranty of merchantability under Virginia Code § 8.2-314.

32. As a direct, proximate and consequential result of the breach of the implied warranty of merchantability, the subject battery and battery charger catastrophically failed, and Plaintiff sustained damages, including direct physical damage to the Property, damages to personal property, and other expenses associated with the loss.

33. Pursuant to the policy of insurance issued by Mutual Assurance to the Scherers, Mutual Assurance made payments to the Scherers as a result of the fire damage in an amount exceeding $100,000.00.

34. By virtue of the aforesaid payment and pursuant to the terms of the aforesaid insurance policy, Mutual Assurance is legally, equitably, and contractually subrogated to the rights of its insureds to the extent of such damages.

**COUNT III: BREACH OF IMPLIED WARRANTY OF FITNESS FOR A P ARTICULAR PURPOSE**

35. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

36. Defendant Amazon impliedly warranted that its products, the subject battery and battery charger, were fit for its particular purpose, pursuant to Virginia Code § 8.2-315, which were to be used safety together to fully charge the subject battery.

37. Defendant Amazon knew or should have known that purchasers and end users relied upon their skill and judgment to supply a suitable product for that purpose.

38. By furnishing a battery and battery charger that were defective in their design, manufacture, and/or warning, Defendant Amazon breached the implied warranty of fitness for a particular purpose under Virginia Code § 8.2-315.

39. As a direct, proximate and consequential result of the breach of the implied warranty of fitness for particular purpose, the subject battery and battery charger catastrophically failed, and Plaintiff sustained damages, including direct physical damage to the Property, damages to personal property, and other expenses associated with the loss.

40. Pursuant to the policy of insurance issued by Mutual Assurance to the Scherers, Mutual Assurance made payments to the Scherers as a result of the fire damage in an amount exceeding $100,000.00.

41. By of the aforesaid payment and pursuant to the terms of the aforesaid insurance policy, Mutual Assurance is legally, equitably, and contractually subrogated to the rights of its insureds to the extent of such damages.

**PRAYER FOR RELIEF**

WHEREFORE, for the reasons stated above, Plaintiff Mutual Assurance Society of Virginia, as subrogee of Richard Scherer and Mary Scherer, respectfully requests that this Court enter Judgment in its favor against Defendant Amazon.com, Inc. in the amount of Two Hundred Thousand U.S. Dollars and Zero Cents ($200,000.00), plus pre-judgment and post-judgment

interest, its cost and expenses, and such other relief that this Honorable Court deems just and proper under the circumstances.

**MUTUAL ASSURANCE SOCIETY A/S/O RICHARD AND MARY SCHERER**

By Counsel

John R. Owen (VSB No. 39560)
P. Bradenham Michelle, IV (VSB No. 92406)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jowen@hccw.com
bmichelle@hccw.com